# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTINA M. BRINKMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,[1]<br><br>    Defendant. | No. C06-4036-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

This matter comes before the court pursuant to Chief United States Magistrate Judge Paul A. Zoss's Report and Recommendation in this judicial review of the denial by an administrative law judge ("ALJ") of Title XVI supplemental security income ("SSI") and Title II disability insurance ("DI") benefits. Judge Zoss determined that there was not substantial evidence in the record as a whole to support a finding that Christina Brinkman ("Brinkman") is not disabled. *Brinkman v. Astrue*, No.06-4036-MWB, 2007 WL 1385365, at * 11 (N.D. Iowa, May 09, 2007).

Judge Zoss's Report and Recommendation concluded that the ALJ failed to fairly develop the record and that the denial of benefits is not supported by substantial evidence. *(Id.)* Specifically, Judge Zoss stated:

> As noted previously, the ALJ's opinion is fatally flawed because it is based on evidence of record that has no bearing on

---

[1] This case was filed originally against Jo Anne B. Barnhart, who was at that time Commissioner of the Social Security Administration ("SSA"). On February 12, 2007, Michael J. Astrue became Commissioner of Social Security. He therefore is substituted as the defendant in this action. *See* Fed. R.Civ. P. 25(d)(1).

whether or not Brinkman was disabled from and after her alleged onset date of June 1, 2003. On this record, Brinkman has been sober since December 9, 2002. The ALJ completely failed to analyze Brinkman's allegations regarding her mental impairments for the relevant time period. Although the ALJ concluded that absent alcohol abuse, Brinkman is able to perform a full range of medium work, the court finds this conclusion not to be supported by substantial evidence of record. Indeed, the limited medical evidence since Brinkman's revised disability onset date suggests the opposite conclusion.

The undersigned rejects the Commissioner's attempt to evaluate the credibility of Brinkman's allegations based on an extrapolation from Brinkman's past medical history. The ALJ concludes that because Brinkman had lied to her treating medical practitioners in the past about her use of alcohol, she therefore might not be truthful now when she indicates she has been sober since June 1, 2003, and therefore, Dr. Muller's recent reliance on Brinkman's representations regarding her sobriety were misplaced. (*See* Doc.No. 11, pp. 22-23) Such speculation and innuendo are improper and cannot justify the ALJ's decision, which lacks appropriate evidentiary support in the record. *See, e.g.*, *Sorn v. Barnhart*, 178 Fed. Appx. 680, slip op. at 2 (9th Cir. 2006) ("Sheer speculation unsupported by the record . . . [is] not a reasonable foundation for an adverse credibility finding."); *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (ALJ who speculates that a treating physician was unduly swayed by a patient's subjective complaints deviates from the correct legal standard). *Cf. Vester v. Barnhart*, 416 F.3d 886, 894 (8thCir. 2005) (Heaney, C.J., dissenting) (rejecting suggestion that "ALJ is free to speculate regarding the complex interaction of mental illness and substance abuse"). The court finds Brinkman was prejudiced by the ALJ's improper evaluation of the record evidence.

*(Id.)*

Therefore, Judge Zoss recommends this case be remanded for further proceedings specifically regarding Brinkman's ability to work full-time, and development of the record as may be necessary.

> For these reasons, the undersigned finds this case should be remanded for further proceedings. Upon remand, the ALJ should be directed to base the disability determination on evidence of Brinkman's condition from and after her alleged disability onset date of June 1, 2003. The ALJ further should be directed to develop the record fully and fairly as required to issue an opinion regarding Brinkman's disability that is supported by substantial evidence. *See, e.g.*, *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)(ALJ has duty to develop record fully and fairly).

(*Id*. at 12).

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

3

In this case, no objections have been filed. Thus, the court concludes *de novo* review, required under the plain language of the statute only for "those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1) is not required here, and the court will instead review only for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for plain error where no objections to magistrate judge's report were filed). Upon plain error review, the court finds no grounds to reject or modify the Report and Recommendation.

Therefore, the Report and Recommendation is **accepted**. *See* § 28 U.S.C. 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Because the ALJ failed to fully and fairly develop the record, the court **reverses** the ALJ's decision and **remands** this case to the Commissioner for further development of the record consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner shall, thereafter, issue a new decision consistent with the opinion of this court.

**IT IS SO ORDERED.**

**DATED** this 6th day of July, 2007.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA